OPINION
In the following accelerated calendar appeal, appellants, Edward E. Smolnik, Jr. ("Smolnik") and Barbara Smolnik (collectively referred to as "appellants"), appeal from a decision of the Trumbull County Court of Common Pleas granting summary judgment in favor of appellee, WCI Steel, Inc., ("WCI Steel"), in a common law premises liability action. For the reasons that follow, we affirm the judgment of the trial court.
The facts pertinent to this appeal are as follows. On April 23, 1995, Smolnik was employed by Diamond Steel Construction Company, Inc. ("Diamond Construction") as a welder who was assigned to a job at a mill operated by WCI Steel and located in Warren, Ohio. WCI Steel hired Diamond Construction as an independent contractor to strengthen the structure of the mill by welding iron columns to the inside of the plant.
In order to reach the area where he was to perform his welding duties for the day, Smolnik ascended a permanent set of stairs which led to a platform located approximately 28 feet above the floor of the mill. This platform, abutting a wall the entire length of the mill, was a permanent part of the WCI Steel's plant and was used to give WCI Steel's crane operators ingress and egress to and from machinery utilized in the steel-making process. The platform was made of a grating type material, was approximately 6 feet wide and was completely open without a guardrail or other safety device on the side of the platform opposite the wall.
From his position on the platform, Smolnik then placed a twelve-rung ladder on the platform to ascend to the area where he was to perform his welding duties. As appellant placed one foot on the ladder he noticed that some dirt, knocked loose from some of his fellow employees working above him, began to fall in the area where his ladder was placed. Smolnik attempted to turn out of the way of the falling dirt and stepped off the platform where he fell 28 feet to the floor below. As a result of this fall, Smolnik sustained serious injuries.
On January 22, 1997, Smolnik filed a common law premises liability action against WCI Steel. Smolnik's wife, Barbara, also asserted a derivative claim for loss of consortium based on the injuries suffered by her husband. WCI Steel filed an answer to the complaint on March 25, 1997, and the parties began extensive discovery.
During the discovery process, WCI Steel took Smolnik's deposition. At deposition, Smolnik gave his account of the circumstances surrounding his fall. He acknowledged that he was an employee of Diamond Construction at the time of the accident and that WCI Steel had suspended all operations at the plant until the construction project was completed and that he otherwise had no contact with any WCI Steel personnel. He further acknowledged that he was aware that the structure used within the WCI Steel mill was filled with dirt and noted that the platform he utilized to arrive at his work station on April 23, 1997 was without a guardrail. He described the moments leading up to his fall from the platform as follows:
 "Well, when I started up [the ladder], I looked up; and that is when I saw the dirt coming down, and I got hit with dirt before and I knew I'm not getting hit with this dirt again. It's just too dirty. I'm getting out of the way because it just keeps coming down and like avalanches down. I said, I'm getting out of the way. That's when I turned, and then I went to — just basically I forgot I was on a platform, I guess, and I just turned and stepped and walked right off [the platform]."
Smolnik further described his training and experiences as a journeyman ironworker that included traversing I-beams as high as 130 feet off the ground from which to reach a work area. He acknowledged that ironworkers are primarily responsible for their own safety and described some of the safety measures provided to him, including a safety belt and lanyard, designed to prevent a fall by attaching a worker to a solid object. However, Smolnik testified that he was unable to take advantage of these safety devices because he was in transit to his work area. He further noted that he was not cited for violating any safety violations as a result of this accident.
Although Smolnik acknowledged that an ironworker is primarily responsible for his or her own safety, he testified that he spoke with a co-worker as well as some unidentified "guy in the union hall" who told him that a safety cable had been placed on the platform during prior jobs at the WCI Steel mill, a cable that was not present when Smolnik fell from the same platform. Smolnik testified that he also had seen the use of safety cables at other projects. However, Smolnik indicated that he never informed Diamond Construction of the need for such cable in this case because the platform was not his primary work area. When asked if Diamond Construction would have prevented him from attaching a safety cable to the platform, Smolnik responded that he "was not going to tell [his] boss what to do" and that he "wouldn't be around if [he] did."
On February 17, 1998, WCI Steel filed a motion for summary judgment claiming that it owed no duty to warn Smolnik, an employee of an independent contractor, of an openly dangerous condition that existed at its plant. WCI Steel further asserted that it had no active participation in the work performed by the independent contractor at its plant. Appellants subsequently filed a brief in opposition to WCI Steel's motion for summary judgment. Both parties relied almost exclusively upon the deposition testimony of Smolnik in support of their respective positions. However, WCI Steel also submitted the affidavit of John Dorsey, a general supervisor at the WCI Steel with knowledge of the project engaged in by Diamond Construction at the plant. Mr. Dorsey averred that WCI Steel hired Diamond Construction as an independent contractor to reinforce columns located at its mill in Warren, Ohio. Mr. Dorsey further Smolnik's deposition testimony regarding WCI Steel's lack of control over the manner in which Diamond Construction was to perform the project including the safety of the employees hired by the independent contractor.
By judgment entry filed May 19, 1998, the trial court granted WCI Steel's motion for summary judgment citing the open and obvious nature of the unguarded platform and the complete lack of control that WCI Steel had over the project that it hired the independent contractor to perform. From this judgment, appellants filed a timely notice of appeal and now assert, in their sole assignment of error, that the trial court erred in granting summary judgment in favor of Diamond Construction.
Civ.R. 56(C), providing the standard governing motions for summary judgment, states in pertinent part that:
 "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *"
In construing Civ.R. 56(C), the Supreme Court of Ohio has stated that the moving party bears the burden of establishing that: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds, construing the evidence in favor of the nonmoving party, can come to but one conclusion and that conclusion is adverse to the party opposing the motion. Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 66; Morris v. Ohio Cas. Ins. Co. (1988),35 Ohio St.3d 45, 46-47.
The Supreme Court of Ohio in Dresher v. Burt (1996), 75 Ohio St.3d 280, set forth the burden that is placed on each party when a motion for summary judgment is filed. The court held:
 "* * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Id. at 293. (Emphasis sic.)
 We begin our discussion of appellants' sole assignment of error by noting that there is apparently some confusion as to whether appellants filed a common law premises liability action or an action under the "frequenter" statutes, R.C. 4101.11 et seq. Appellants claim that WCI Steel continually mischaracterize their cause of action under the "frequenter" statutes and that this mischaracterization led to the trial court's improper granting of summary judgment in favor of WCI Steel.
R.C. 4101.11 requires every employer to provide a safe place of employment for its employees. Beyond providing a safe place of employment for employees, R.C. 4101.11 also extends its protection to "frequenters." R.C. 4101.12 further forbids an employer from failing to "* * * do every other thing reasonably necessary to protect the life, health, safety, and welfare of such employees or frequenters."
In interpreting the "frequenter" statutes, the Supreme Court of Ohio has stated that the statutory duty owed to "frequenters" is merely the codification of the common-law duty which property owners have traditionally owed to business invitees. Lexie (Sopkovich,administrator) v. Ohio Edison Company (Dec. 13, 1996), Trumbull App. No. 96-T-5384, unreported, affirmed in (1998),81 Ohio St.3d 628, citing Eicher v. United States Steel Corp. (1987),32 Ohio St.3d 248, 249. Consequently, we fail to see any error in this matter as a result of any possible "blurring" at the trial court level between a common law premises action and an action under the "frequenter" statutes.
We further determine that our analysis in Lexie is dispositive of this matter. In Lexie, we stated as follows:
 "Under the common-law precedent, a property owner owes a duty to the employee of an independent contractor to exercise ordinary care in maintaining the premises in a reasonable safe condition. Schwarz v. Gen. Elec. Realty Corp. (1955), 163 Ohio St. 354. An exception is created, however, where there is an obvious and inherently dangerous condition which exists on the property. Wellman v. East Ohio Gas Co.
(1953), 160 Ohio St. 103. When an employee of an independent contractor sustains an injury as a result of the existence of an inherently dangerous condition, he can only maintain an action against the property owner if: (1) the owner had actual or constructive knowledge of such condition; and (2) the employee did not have such knowledge. Eicher, quoting Davis v. Charles Shutrump Sons Co. (1942), 140 Ohio St. 89, first paragraph of the syllabus.
 "Accordingly, as a general rule, a property owner does not owe a duty of care to the employee of an independent contractor in relation to an openly dangerous condition. In addition to this general rule though, the Supreme Court of Ohio has recognized a specific exception. Under this exception, a property owner does owe a duty of care when the owner actively participated in the performance of the work. Schwarz." Id. at 8-9; see, also, Hirschbach v. Cincinnati Gas Elec. Co. (1983), 6 Ohio St.3d 206.
Appellants fail to establish a cause of action on either theory. In the first instance, Smolnik was aware to the open and obvious dangers associated with a platform located 28 feet above ground level with no handrails. As to the second point, there is no dispute that Smolnik worked for Diamond Construction, a company hired by WCI Steel to perform construction work at its steel mill. There is also no dispute that WCI Steel played no part in the methods utilized by Diamond Construction in the performance of the construction job. Appellants' assignment of error is wholly without merit.
Based on the foregoing, the judgment of the trial court is affirmed.
 __________________________________________ JUDGE WILLIAM M. O'NEILL
NADER, P.J., CACIOPPO, J., Ret., Ninth Appellate District, sitting by assignment, concur.